IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 14-31345 |
| | § | |
| JAGGER INDUSTRIES, LLC | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH
ENVIRONMENTAL AUTHORITIES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Janet Northrup, chapter 7 trustee (the "Trustee") of the bankruptcy estate of Jagger Industries, LLC ("Jagger" or the "Debtor"), files this *Motion to Compromise Controversy with Environmental Authorities* (the "Motion"), seeking court authority to settle certain claims and litigation with the State of Texas and Harris County.

**SUMMARY OF REQUESTED RELIEF**

1.      The Trustee seeks approval of claims and pending litigation more specifically described below. The proposed settlement provides for an Agreed Final Judgment in an

2887190-1:JAGGER-0002

enforcement action pending in Harris County, Texas, with awards to the environmental authorities being allowed as subordinated claims in the Debtor's bankruptcy case.

## JURISDICTION AND VENUE

2.  This court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.  Before the fall of 2013, Jagger operated an industrial facility at 9400 Needlepoint Road, Baytown, Texas (the "Facility"). The Facility processed brown grease by means of infiltration and heating to produce industrial fuel.

5.  On or about November 14, 2013, Harris County and the State of Texas (the "Environmental Authorities") filed an enforcement action against Jagger, styled Cause No. 2013-68798; *Harris County, et al v. Jagger Industries, LLC*; in the 281st Judicial District Court of Harris County, Texas (the "Enforcement Action"). Harris County's Original Petition and Application for Temporary and Permanent Injunction in the Enforcement Action alleges that from December 18, 2012 to October 21, 2013, the Facility's operations caused or contributed to air pollution on five separate occasions in violation of 30 Tex. Admin. Code § 101.4.

6.  On March 5, 2014, Jagger filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. Janet Northrup was appointed and serves as the chapter 7 trustee of Jagger's bankruptcy estate.

2

7. After the Trustee's appointment, counsel for the Trustee and counsel for the Environmental Authorities actively participated in negotiations for resolution of the Enforcement Action.

## PROPOSED TERMS OF SETTLEMENT

8. Upon entry of an Order approving this Motion, and assuming no objection or adverse comments are received by the State of Texas to publication of the settlement in the *Texas Register*, as required by law, the Enforcement Action will be resolved on the following terms:

(a) The parties will submit an Agreed Final Judgment for entry in the Enforcement Action, in the form attached as **Exhibit "1"**.

(b) Each of the Environmental Authorities will have judgment against the Debtor in the amount of $54,00.

(c) All amounts awarded in the Agreed Final Judgment shall be treated solely as claims under 11 U.S.C. §726(a)(4), and subordinated as provided in that statute.

## AUTHORITIES GOVERNING COMPROMISES

9. FED. R. BANKR. P. 9019 authorizes bankruptcy courts to approve compromises and settlements with the trustee. Ultimately, a compromise must be "fair, equitable, and in the best interest of the estate." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). When considering whether a compromise is "fair, equitable and in the best interest of the estate," the court must weigh the "terms of the compromise with the likely rewards of litigation." *Id.* Within the 5th Circuit, courts must consider (i) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (ii) difficulty of collection of any judgment;

2887190-1:JAGGER-0002

(iii) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; (iv) all other factors bearing on the wisdom of the compromise; (v) the extent to which the settlement is truly the product of arms-length bargaining and not of fraud or collusion; and (vi) deference to the concerns of creditors. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968); *In re Jackson Brewing Co.*, 624 F.2d at 602.

10. Although the Trustee bears the burden of establishing that the proposed compromise is in the best interest of the estates, compromises are a normal part of the bankruptcy process and oftentimes a desirable and wise method of bringing to a close proceedings that are otherwise lengthy, complicated and costly. As such, the Trustee's burden is not high. *In re Shankman*, No. 08-36327, 2010 WL 743297, at *3 (Bankr. S.D. Tex. Mar. 2, 2010). The decision to approve a compromise lies within the court's discretion, and the court "need not conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." *Id.* (quoting *In re Cajun Elec. Power Co-Op, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997)). "The Trustee need only show that…[her] decision falls within the 'range of reasonable litigation alternatives.'" *Id. (internal citations omitted)*.

11. The proposed settlement is fair, equitable and in the best interest of the estate. Such proposed settlement is the product of arms-length bargaining and not of fraud or collusion.

12. **Probability of Success.** The Trustee has evaluated the Environmental Authorities' claims to the best of her ability, but records are lacking. Although the Environmental Authorities would have the burden of proof in the Enforcement Action, it appears to the Trustee it would be difficult to rebut their allegations. As such, the Trustee acknowledges that the Environmental Authorities have a substantial likelihood of succeeding on some or all of

4

2887190-1:JAGGER-0002

their asserted claims. The Trustee has determined in her business judgment that the proposed settlement with the Environmental Authorities properly recognizes the risks of litigation and that the proposed settlement is within the range of potential outcomes. Consequently, the Trustee believes this factor supports settlement.

13. **Complexity and Duration of the Litigation.** The litigation involves moderately complex factual and legal issues, most likely requiring the employment of special counsel and the presentation of expert testimony at a cost to the bankruptcy estate. The Trustee believes in her business judgment that a non-consensual resolution of the Environmental Authorities' claims would be costly as it would require litigation. The proposed settlement avoids such costs and uncertainty. The Trustee has concluded this factor supports the proposed settlement.

14. **Difficulty of Collection.** This factor is not applicable as the Environmental Authorities are asserting claims against the Debtor's estate.

15. **Deference to Creditors.** For the reasons stated above, the Trustee in her business judgment has determined that the proposed settlement is fair, equitable and in the best interest of the estate and its creditors. This pleading will be served on creditors for any comment or objections they may have.

WHEREFORE, PREMISES CONSIDERED, Janet Northrup, chapter 7 trustee, prays that the court (i) grant this Motion; (ii) approve the settlement on the terms set out in this Motion; (iii) authorize the parties to take all actions and execute all documents necessary to effectuate the settlement; and (iv) grant such other relief as the court finds appropriate and just to grant.

2887190-1:JAGGER-0002

HUGHES WATTERS ASKANASE, LLP


By: /s/ Rhonda R. Chandler
    Rhonda R. Chandler
    State Bar No. 04101600
    333 Clay, 29th Floor
    Houston, Texas 77002
    Tel: 713-759-0818
    Fax: 713-759-6834

ATTORNEYS FOR JANET NORTHRUP,
CHAPTER 7 TRUSTEE


### CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Trustee's *Motion to Compromise Controversy with Environmental Authorities* was served on all parties shown on the attached Service List, by first class mail and/or ECF on September 23, 2014.

/s/ Rhonda R. Chandler
Rhonda R. Chandler

2887190-1:JAGGER-0002

Cause No. 2013-68798

| | | |
|---|---|---|
| HARRIS COUNTY, TEXAS, | § | IN THE DISTRICT COURT OF |
| and | § | |
| THE STATE OF TEXAS, acting on behalf of the Texas Commission on Environmental Quality, a Necessary and Indispensable Party, | § | HARRIS COUNTY, TEXAS |
| Plaintiffs, | § | |
| v. | § | |
| JAGGER INDUSTRIES, LLC, | § | |
| Defendant. | § | 281st JUDICIAL DISTRICT |

DRAFT

## AGREED FINAL JUDGMENT

On this day, Plaintiffs, Harris County. Texas (Harris County) and the State of Texas (State), and Defendant, Jagger Industries, LLC (Jagger), hereinafter collectively referred to as the Parties, submitted this Agreed Final Judgment (Agreed Judgment). By presenting this Agreed Judgment to the Court, the State of Texas announces that it has published notice of this Agreed Judgment in the *Texas Register* for 30 days as required by Texas Water Code § 7.110 and received no comments that indicate the proposed settlement is inappropriate, improper, inadequate, or inconsistent with applicable law.

### 1. BACKGROUND

1.1. Jagger operated an industrial facility at 9400 Needlepoint Road, Baytown, Texas (Facility). The Facility processed brown grease by means of infiltration and heating to produce industrial fuel.


EXHIBIT 1

1.2. Harris County's Original Petition and Application for Temporary and Permanent Injunction alleges that from December 18, 2012 to October 21, 2013, the Facility's operations caused or contributed to air pollution on five separate occasions in violation of 30 Tex. Admin. Code § 101.4.

1.3. On March 5, 2014, Jagger filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. Janet Northrup was appointed and serves as the chapter 7 trustee (Trustee) of Jagger's bankruptcy estate.

## 2. STIPULATIONS

In agreeing to this Agreed Judgment the Parties hereby stipulate to the following:

2.1. Plaintiffs and Defendant understand and agree to the terms of this Agreed Judgment.

2.2. This Agreed Judgment complies with all statutory, jurisdictional, and procedural requisites necessary for entry and enforcement.

2.3. The Parties agree to the terms of the Agreed Judgment and waive the right to appeal its validity.

2.4. The Parties agree that they actively participated in the negotiations leading up to this Agreed Judgment, they understand the duties placed upon them by the Agreed Judgment, they have read the terms of the Agreed Judgment, and that the Agreed Judgment is not ambiguous.

2.5. Jagger denies the occurrence of any violation of the law. The entry of this Agreed Judgment is not an admission by Jagger of any violation alleged by Harris County and the State. The parties have agreed to this Agreed Judgment solely in the interest of

compromise and judicial efficiency, to avoid the uncertainties and costs of litigation, and to further the efficient administration of the Jagger bankruptcy estate.

### 3. CIVIL PENALTIES AND ATTORNEY'S FEES

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

3.1. Harris County shall have judgment from and against Jagger for civil penalties in the amount of Fifty Thousand Dollars and No Cents ($50,000.00).

3.2. The State of Texas shall have judgment from and against Jagger for civil penalties in the amount of Fifty Thousand Dollars and No Cents ($50,000.00).

3.3. Harris County shall have judgment from and against Jagger for attorney's fees in the amount of Four Thousand Dollars and No Cents ($4,000.00).

3.4. The State of Texas shall have judgment from and against Jagger for attorney's fees in the amount of Four Thousand Dollars and No Cents ($4,000.00).

3.5. Costs of court are taxes against the party occurring them.

### 4. PAYMENTS

4.1. All amounts required to be paid to Harris County in accordance with this Agreed Judgment shall be paid by check made payable to "Harris County, Texas for deposit into the General Fund." The check shall reflect that payment is made "re: cause no. 2013-68798." Checks shall be delivered to Harris County Attorney's Office, Environmental and Infrastructure Group, 2010 Congress Avenue, 15th Floor, Houston, Texas 77002, Attn: Sarah Jane Utley.

4.2. All amounts required to be paid to the State of Texas in accordance with this Agreed Judgment shall be paid by check made payable to the "State of Texas (AG

133467803)." Checks shall be delivered to Division Chief, Environmental Protection Division MC-066, Office of the Attorney General, P.O. Box 12548, Austin, Texas 78711.

## 5. GENERAL PROVISIONS

5.1. This Agreed Judgment may be executed in multiple parts, which together shall constitute a single original instrument. Any executed signature page to this Agreed Judgment may be transmitted by facsimile transmission or email to the other Party, which shall constitute an original signature for all purposes.

5.2. To the extent allowed by applicable law, including the U.S. Bankruptcy Code, Defendant shall pay post-judgment interest on all amounts awarded in this Agreed Judgment at the legal rate of five (5) per cent per annum.

5.3. To the extent allowed by applicable law, including the U.S. Bankruptcy Code, the Plaintiffs shall be allowed such writs and processes as may be needed and as permitted by law for the enforcement and collection of this Agreed Judgment; provided, however, the automatic stay under 11 U.S.C. §362 is not modified or waived by this Agreed Judgment.

5.4. To the extent allowed by applicable law, including the U.S. Bankruptcy Code, the Plaintiffs may abstract and record the Agreed Judgment in the exercise of their discretion and as permitted by law; provided, however, the automatic stay under 11 U.S.C. §362 is not modified or waived by this Agreed Judgment.

5.5. This Agreed Judgment shall not be construed in any way to relieve Jagger or its agents or contractors from the obligation to comply with any federal, state, or local law.

5.6.    This Agreed Judgment shall not limit Defendant's responsibilities or liabilities for future violations of the Texas Water Code, the Texas Health and Safety Code, Title 30 Texas Administrative Code and all other applicable laws.

5.7.    Each of the undersigned representatives of a party to this Agreed Judgment certifies that he or she is fully authorized to enter into the terms and conditions of the Agreed Judgment and to legally execute and bind that party to the Agreed Judgment.

5.8.    This Agreed Judgment is agreed to as part of a settlement between Harris County, the State, and Jagger. This Agreed Judgment may not be entered and shall not be effective until (a) this Agreed Judgment has been approved by executive management of the Office of the Attorney General of Texas and the TCEQ; (b) the Trustee's motion to compromise controversy under Federal Rule of Bankruptcy Procedure 9019 has been approved by final Order of the bankruptcy court in which the bankruptcy of Jagger is pending, which motion shall provide that all amounts in this Agreed Judgment shall be treated solely as claims under 11 U.S.C. §726(a)(4); and (c) any applicable publication and approval process required for this Agreed Judgment has been completed.

5.9.    All relief not specifically granted herein is denied.

5.10.   This Agreed Judgment disposes of all Parties and all claims filed in this suit.


SIGNED ON _____, 2014.

DRAFT

_____
JUDGE PRESIDING


*Harris County and the State of Texas v. Jagger Industries, LLC*
Agreed Final Judgment

**AGREED AS TO FORM AND SUBSTANCE AND ENTRY REQURESTED:**

| | |
|---|---|
| GREG ABBOTT<br>Attorney General of Texas | VINCE RYAN<br>Harris County Attorney |
| DANIEL T. HODGE<br>First Assistant Attorney General | |
| JOHN B. SCOTT<br>Deputy Attorney General for Civil Litigation | _____<br>Sarah Jane Utley<br>Assistant County Attorney |
| JON NIERMANN<br>Chief, Environmental Protection Division | State Bar No. 24042075<br><br>Environmental and Infrastructure Group<br>1019 Congress Avenue, 15th Floor |
| _____<br>ANTHONY W. BENEDICT<br>Assistant Attorney General<br>State Bar No. 02129100<br>Office of the Attorney General<br>Environmental Protection Division<br>P.O. Box 12548   (MC-066)<br>Austin, Texas 78711-2548<br>anthony.benedict@texasattorneygeneral.gov<br>Vox: (512) 463-2012<br>Fax: (512) 320-0911 | Houston, Texas 77002<br>Telephone: (713) 274-5124<br>Facsimile: (713) 437-4211<br>E-mail: sarah.utley@cao.hctx.net<br><br>**ATTORNEYS FOR HARRIS COUNTY, TEXAS** |
| **ATTORNEYS FOR THE STATE OF TEXA** | _____<br>Janet Northrup<br>CHAPTER 7 TRUSTEE of the Bankruptcy<br>estate of Jagger Industries, LLC<br>Three Allen Center<br>333 Clay, 29th Floor<br>Houston, Texas 77002 |

*Harris County and the State of Texas v. Jagger Industries, LLC*
Agreed Final Judgment

## SERVICE LIST

Debtor
*Jagger Industries, LLC
9400 Needlepoint Rd.
Baytown, TX 77521-9390

Debtor's Counsel
Kimberly Anne Bartley
Waldron & Schneider, L.L.P.
15150 Middlebrook Drive
Houston, TX 77058-1227

Chapter 7 Trustee
Janet S. Northrup
Hughes Watters and Askanase
333 Clay, 29th Floor
Houston, TX 77002-2571

U.S. Trustee
Hector Duran
Office of the US Trustee
515 Rusk Ave, Ste 3516
Houston, TX 77002-2604

Creditors
A-Affordable Vacuum Service
P.O. Box 300011
Houston, TX 77230-0011

Allometrics, Inc.
2500 Bayport Blvd.
Seabrook, TX 77586-2405

AmSpec, LLC
1249 South River Road
Cranbury, NJ 08512-3633

AmSpec, LLC
c/o Cody Moorse
Shelton Harrison et al
701 Highlander Blvd., # 270
Arlington, TX 76015-4600

Anthony Rivon All Control
810 Hamilton
P.O. Box 1173
Anahuac, TX 77514-1173

BC Goodwin Transportation, LLC
P.O. Box 3238
Salt Lake City, UT 84110-3238

BakerCorp
101 Old Underwood Rd., Bldg. B
LaPorte, TX 77571-9480

Bakercorp
P.O. Box 843596
Los Angeles, CA 90084-3596

Blue Cross of Texas
P.O. Box 731428
Dallas, TX 75373-1428

Brenner Tank Services
2840 Appelt Dr.
Houston, TX 77015-6554

Bullseye Welding & Industrial Supply LLC
P.O. Box 2109
Baytown, TX 77522-2109

Larry Caldwell
4544 Post Oak Place, Ste 123
Houston, TX 77027-3111

Carnes Engineering, Inc
P.O. Box 668
Mont Belvieu, TX 77580-0668

Channel Biorefinery & Terminals, LLC
13605 Industrial Rd
Houston, TX 77015-6818
Chemtrec AR
P.O. Box 791383
Baltimore, MD 21279-1383

*Return to sender, unable to forward

Cintas FAS Lockbox
P.O. Box 636525
Cincinnati, OH 45263-6625

Coastal Welding Supply
P.O. Box 3029
Beaumont, TX 77704-3029

Cokinos Energy Corporation
Department 456
P.O. Box 4869
Houston, TX 77210-4869

Commercial Fence Company
d/b/a Commercial Access Controls
P.O. Box 1354
Pasadena, TX 77501-1354

Michael M. Essmyer, Sr.
Essmyer & Daniel, PC
5111 Center Street
Houston, TX 77007-3305

Fisher & Associates
55 Waugh Drive, Suite 603
Houston, TX 77007

G Tech-HilTech
P.O. Box 2787
Conroe, TX 77305-2787

Green Energy Advisors Group LLC
919 Orange Ave, Ste 202
Winter Park, FL 32789-4764

GreenHunter Biofuels, Inc
In Receivership
c/o Diana E Marshall PLLC
1010 Lamar, Ste 450
Houston, TX 77002-6322

Guardian Life Insurance Company
P.O. Box 824404
Philadelphia, PA 19182-4404

Gulf West Landfill TX LP
P.O. Box 841833
Dallas, TX 75284-1833

H&H Oil-Austin
1331 Gemini, Ste 250
Houston, TX 77058-2764

Harris County TX
c/o Jennifer Matte Asst Cty Atty
1019 Congress, 15th Floor
Houston, TX 77002-1799

Harris County Tax Assessor
Mike Sullivan
P.O. Box 4663
Houston, TX 77210-4663

Harris-Galveston Subsidence District
1660 West Bay Area Blvd.
Friendswood, TX 77546-2640

Hertz Equipment Rental Corp
Service Pump Division
P.O. Box 650280
Dallas, TX 75265-0280

Hoover Slovacek, LLP
P.O. Box 4547
Houston, TX 77210-4547

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Innovative Resources Management
125 Crosscreek Dr.
Summerville, SC 29485-8250

J&B Pipeline Supply Company
12921 N Alexander Dr
P.O. Box 1814
Baytown, TX 77522-1814

*Return to sender, unable to forward

JAM Distributing Co
P.O. Box 201978
Dallas, TX  75320-1978

Jacobson Transportation Company, Inc.
P.O. Box 224
Des Moines, IA 50306-0224

Larson King
2800 Wells Fargo Place
30 E 7th St
Saint Paul, MN  55101-4922

*LAAP, Inc.
P.O. Box 1437
Magnolia, TX 77353-1437

Liquid Environmental Solutions
P.O. Box 203371
Dallas, TX  75230-3371

Miller Transporters, Inc.
P.O. Box 1123
Jackson, MS  39215-1123

PBL - Premier Bulk Logistics
c/o Scanlan, Buckle & Young PC
602 West 11st St
Austin, TX 78701-2007

Pacific Business Capital Corp
245 Fischer Ave, Ste A-1
Costa Mesa, CA 92626-4553

Petroleum Materials LLC
30603 Tealcrest Estates Dr
Spring, TX 77386-2740

Processing Equipment & Technologies, LLC
c/o Ron Sommers
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056-6131

Prologic Technology Group
4633 E Broadway Blvd., Ste 150
Tuscon, AZ 85711-3511

Reliable Office Supplies
P.O. Box 105529
Atlanta, GA  30348-5529

SMB Technology Consulting, LLC
17515 Spring Cypress Rd., #C219
Cypress, TX 77429-2688

Sage Environmental Consulting
P.O. Box 1883
San Antonio, TX 78297-1883

Shellist Lazarz Clobin, LLP
11 Greenway Plaza, Ste 1515
Houston, TX 77046-1108

Southwest Spectro-Chem Labs
1009 Louisiana Ave
South Houston, TX 77587-3126

Sunbelt Rentals
P.O. Box 409211
Atlanta, GA  30384-9211

Pete Tamez
265 W Unon St.
Benson, AZ 85602-6872

Texas Comm on Environmental Quality
P.O. Box 13089
Austin, TX 78711-3089

Trinity Industries Leasing Co
W 510131
P.O. Box 7777
Philadelphia, PA  19175-0131

Trinity Industries Leasing Corporation
2525 Stemmons Freeway
Dallas, TX 75207-2401

*Return to sender, unable to forward

Triple D Uniform Rental
4031 Southerland Rd
Houston, TX 77092-4414

United Rentals
7840 Highway 146 S
Baytown, TX 77523-7617

*Verizon Business
P.O. Box 371355
Pittsburgh, PA 15250-7355

Vista Technology Partners Inc.
4633 E. Broadway Blvd.
Tuscon, AZ 85711-3511

Waste Management
P.O. Box 660345
Dallas, TX 75266-0345

Weaver & Tidwell LLP
24 Greenway Plaza, Ste 1800
Houston, TX 77046-2457

Parties Requesting Notice
CIMA Services, LP
c/o Kenneth M. Krock
Megan N. Brown
Rapp & Krock, PC
3050 Post Oak Blvd, Suite 1425
Houston, TX 77056

Pacific Business Capital Corporation
c/o Bruce B. Osterstrom
245 Fischer Avenue, Suite A-1
Costa Mesa, CA 92616

Mary Ann Kilgore
Jeannie L. Anderson
Union Pacific Railroad Company
1400 Douglass Street, STOP 1580
Omaha, Nebraska 68179

Law Offices of Jennine Hovell-Cox
P.O. Box 16276
Sugar Land, TX 77496-6276

Joseph Kots
Commonwealth of Pennsylvania
Department of Labor and Industry
Reading Bankruptcy & Compliance Unit
625 Cherry Street, Room 203
Reading, PA 19602-1152

*Return to sender, unable to forward